**State of NEW YORK Plaintiff,**

v.

**AMETEK, INC., and M. Argueso & Co, Inc. Defendants.**

**No. 05 CIV.2186 SCR.**

United States District Court, S.D. New York.

Jan. 18, 2007.

Pedro Medina, Jr., New York State Department of Law, New York City, for Plaintiff.

Kathleen Donelli, McCarthy, Fingar, L.L.P., White Plains, NY, for Defendants.

**MEMORANDUM DECISION AND ORDER**

ROBINSON, District Judge.

## I. Introduction

Plaintiff, the State of New York, brought this action against Defendants Ametek Inc. ("Ametek") and M. Argueso & Co. Inc., ("Argueso") for recovery of costs pursuant to the Comprehensive Environmental Response, and Liability Act

("CERCLA"), 42 U.S.C. §§ 9601 *et seq.*, and for state law claims of restitution and public nuisance. Plaintiff seeks to recover costs incurred by the State in responding to the release of hazardous substances at the Mamaroneck Taylor's Lane Compost Site in the Village of Mamaroneck, Westchester County. Plaintiff also seeks a declaratory judgment that Defendants are strictly, jointly and severally liable to the State for all costs it may incur in the future.

Defendant Argueso subsequently filed a motion to dismiss under 12(b)(6), on the grounds that the state law claims are preempted by CERLCA.[1] Defendant's motion is denied.

## II. The State Law Claims Are Not Preempted.

■ Under the Supremacy Clause, Congress may enact laws that preempt state or local law. Courts have identified three ways in which federal law may preempt state or local law. First, in passing a statute, Congress may expressly declare its intention to preempt state law ("express preemption"). *Bedford Affiliates v. Sills,* 156 F.3d 416, 426 (2d Cir.1998)(citing *Jones v. Rath Packing Co.,* 430 U.S. 519, 525, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977)). Second, preemption may be implied when federal law is "sufficiently comprehensive to make reasonable the inference that Congress left no room for supplementary state regulation" (field preemption). *See Bedford Affiliates,* 156 F.3d at 426 (citing *Hillsborough County v. Automated Med. Labs., Inc.,* 471 U.S. 707, 713, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985)). Finally, state law may be preempted to the extent that it actually conflicts with federal law (conflict preemption). *Bedford Affiliates,* 156 F.3d at 426 (citing *Ray v. Atlantic Richfield Co.,* 435 U.S. 151, 158, 98 S.Ct. 988, 55 L.Ed.2d 179 (1978)). The Supreme Court has commanded that "courts should not lightly infer" that state law has been preempted by a federal statute. *See International Paper Co. v. Ouellette,* 479 U.S. 481, 490, 107 S.Ct. 805, 93 L.Ed.2d 883 (1987).

■ It is clear from the language of the statute, that CERLCA does not expressly preempt state law. Indeed, several provisions of CERCLA expressly state that the statute does not preempt state law. *See, e.g.* CERLCA § 114(a) ("nothing in this Chapter shall be construed or interpreted as preempting any State from imposing any additional liability ..."); CERCLA § 302(d) ("Nothing in this Chapter shall be affect or modify in any way obligations or liabilities of any persons under Federal or State Law, including common law ..."). In addition, Courts have also previously held that there is no field preemption of state law under CERCLA. *See Bedford Affiliates,* 156 F.3d at 426–27 (concluding that "it was not part of the legislative purpose that CERCLA be a comprehensive regulatory scheme occupying the entire field of hazardous wastes".).

■ Finally, "[c]onflict preemption occurs either when compliance with both federal and state regulations is a physical impossibility" or where state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Bedford Affiliates,* 156 F.3d at 426. Argueso, relying on *Bedford Affiliates,* argues that additional state law remedies are an obstacle to "the carefully crafted settlement system" of CERCLA. *See* 156 F.3d at 427. ("[I]t can easily be seen that instituting common law restitution and indemnification actions in state court would bypass *this* carefully crafted settlement system, creating an actual conflict therefore between CERCLA and state

---

1. Defendant Ametek did not join Argueso in    this motion.

common law causes of action. Consequently, CERCLA preempts the state law remedies of restitution and indemnification.")(emphasis added). Argueso's argument ignores the context of the above statement by the Second Circuit—in the previous paragraph in the *Bedford Affiliates* opinion, the Circuit was discussing the settlement and contribution protection scheme developed by Congress in § 113 of CERCLA. As other courts in this circuit have noted, the *Bedford Affiliates* Court's concerns are not implicated in actions for recovery brought under § 107. *State of New York v. Hickey's Carting*, 380 F.Supp.2d 108, 113 (E.D.N.Y.2005) ("What concerned the Second Circuit in Bedford was the possibility that potentially responsible parties would choose not to settle their claims with the government out of fear that other defendants could thwart section 113's contribution protection by bringing identical contribution claims under the state common law. It is difficult to see how such a scenario would play out in the context of a cost recovery action by the State under section 107".).

This conclusion is supported by the fact that *Bedford* court itself noted that CERCLA does not "prevent the states from enacting laws to supplement federal measures relating to the cleanup of such wastes". Defendant's argument that this language applies only to statutory liability, not common law liability, is unconvincing. If the possibility of liability under state common law were to disrupt the intentions of Congress in allowing for recovery of costs under § 107(a), it is hard to see how statutory liability would not do the same. This conclusion is supported by the text CERCLA itself. *See* CERCLA § 114(a)("Nothing in this chapter shall be construed or interpreted as preempting any State from imposing *any* additional liability ... with respect to the release of hazardous substances within such State") (emphasis added). *See also Hickey's Cart-*

*ing*, 380 F.Supp.2d at 111 ("Congressional intent determines whether a federal statute preempts state law.")(citing *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 137–38, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990)).

Defendant's argument that preemption is required here because of the possibility of double recovery is equally unconvincing. At the outset, the Court notes that CERCLA itself disallows double recovery for compensation for removal costs. *See* CERCLA § 114(b). Moreover, the additional causes of action do not necessarily seek double recovery. As pointed out by the State, the set of damages recoverable by the State under § 107(a) are not identical to the set of damages recoverable under state law. The CERCLA claims may, for example, be barred because the State failed to comply with the National Contingency Plan ("NCP") under § 107(a)(4), while the state law claims would still be viable. *See Hickey's Carting*, 380 F.Supp.2d at 115. In response to this argument, Argueso asserts that such a possibility (recovery by the State, where it has not complied with the NCP) would run afoul of Congressional intent, and that state law may only "supplement" CERCLA, not run contrary to it. Put another way, Argueso is arguing that compliance with CERCLA should be the exclusive means of recovering in this area. This is, in effect, a field preemption argument, *see Hickey's Carting*, 380 F.Supp.2d at 116–17, which, as discussed above, does not apply in the case of CERCLA. Moreover, the State is not proposing anything which undercuts the intent of Congress—it is simply asserting that in the event that recovery under CERCLA is not possible, an alternative avenue under state law would be available. This does not run contrary to the intent of Congress, which as discussed already, included specific provisions in CERCLA which allow states to impose

additional liability. *See* CERCLA § 114(a); *See also Southern California Water Company v. Aerojet General Corporation*, No. 02 Civ. 6340, 2003 U.S. Dist. LEXIS 26534, *28–29 (C.D. Cal. April 1, 2003)(alternative remedies allow states to have flexibility in tailoring their recovery efforts).

### III. Conclusion

For the reasons stated above, Defendant Argueso's motion to dismiss is denied.

*It is so ordered.*